COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-281-CV

 

 

BRETT ARNOLD AND PATRICIA                                           APPELLANTS

A. RUDDER

                                                   V.

 

B.R. ISRAEL                                                                          APPELLEE

 

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

On July 20, 2009, appellants filed their brief
with this court.  Appellants= brief
was defective because it failed to comply with Texas Rules of Appellate
Procedure 38.1(a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k)(1), and
9.4(h), and Local Rules 1.A and 1.E, Second Court of Appeals Local Rules.[2]









On July 20, 2009, the court instructed appellants
to file an amended brief by July 30, 2009, to cure the defects.  The court=s letter
notified appellants that failure to file an amended brief in compliance with
rules of appellate procedure 38 and 9, and Local Rule 1, Amay
result in striking the brief you filed, waiver of noncomplying points, or
dismissal of the appeal.@[3] 

Appellants filed an amended brief that is
defective because it fails to comply with Texas Rules of Appellate Procedure
38.1(h), (i), (k)(1), and 9.4(h), and Local Rule 1.A, Second Court of Appeals
Local Rules.[4]


Only Asubstantial
compliance@ with the briefing rules is
required.[5]  If we determine that the briefing rules have
been Aflagrantly
violated,@ however, we may require an
appellant to amend, supplement, or redraw the brief.[6]  If the appellant does not file another brief
that complies with the rules of appellate procedure, we may strike the brief,
prohibit the party from filing another, and proceed as if the party had failed
to file a brief.[7]








Because appellants have been given notice of the
defects in their brief and because they have failed to cure those defects, we
strike their brief and amended brief and dismiss the appeal for want of
prosecution.[8]

 

PER
CURIAM

 

 

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DELIVERED:  August 26, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 38.1(a),
(b), (c), (d), (e), (f), (g), (h), (i), (j), (k)(1), 9.4(h); 2nd Tex. App.
(Fort Worth) Loc. R. 1.





[3]See Tex. R. App. P. 38.8(a),
38.9(a), 42.3.





[4]See Tex. R. App. P. 38.1(h),
(i), (k)(1), 9.4(h); 2nd Tex. App. (Fort Worth) Loc. R. 1.





[5]Tex. R. App. P. 38.9. 





[6]Tex. R. App. P. 38.9(a). 





[7]Id.





[8]See Tex. R. App. P.
38.8(a)(1), 38.9(a), 42.3(b), 43.2(f).